UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

WILLIE RHODES, IV                                CIVIL ACTION

v.                                               NO. 10-2704

MARLIN GUSMAN, ET AL.                            SECTION "F"

ORDER AND REASONS

Before the Court is Willie Rhodes, IV's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, which the Court construes as a § 2241 petition.[1]  For the reasons that follow, the petition is DENIED without prejudice.

**Background**

Willie Rhodes, IV is a state pretrial detainee in Orleans Parish Prison, awaiting trial on charges of three counts of aggravated rape of a child under the age of 13.  His wife, Shannon William-Rhodes, is also awaiting trial on one count of aggravated rape of a child under 13 and one count of accessory to aggravated rape of a child under 13.

On December 4, 2008, a grand jury returned a superseding true bill of indictment, charging Willie Rhodes with three counts of aggravated rape of a child under the age of 13, as well as charging

---

[1] Rhodes's petition for relief falls under 28 U.S.C. § 2241 because Rhodes is a pre-trial detainee.  See Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)(citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 503-04, 93 S.Ct. 1123, 1133-34, 35 L.Ed.2d 443 (1973)).

1

Rhodes's wife, Shannon Williams-Rhodes, with one count of aggravated rape of a child under the age of 13 and one count of accessory to aggravated rape of a child under the age of 13. This matter is being prosecuted under case number 482-302.[2]

From April 30, 2009 through July 2, 2009, while various motions were filed by counsel on behalf of the defendants and various status conferences were held, every section of Orleans Parish Criminal District Court recused itself from the matter.[3] On July 24, 2009, Judge James Canella was appointed to preside over the case. The state court record reflects that various proceedings have been conducted, including hearings on motions related to discovery, as well as hearings and rulings on various pre-trial motions, including a motion to sever defendants, which was granted; additionally, certain hearing dates and trial settings have been

---

[2] Originally, on April 3, 2008 Willie Rhodes was indicted on two counts of aggravated rape of a child under the age of 13; the charges in the bill of indictment were prosecuted under case number 477-303, but the State entered a nolle prosequi to the charges in that case number shortly after the grand jury returned the superseding indictment in case number 482-302. Rhodes contends that when the initial charges were nolle prosequi'ed, his cousin, Marie Bookman, who is a magistrate commissioner in Orleans Parish Criminal District Court, "brought forth new charges that now included my spouse, [which] allowed her to secure...custody of my [3-year-old] son [whom] she claims told her of sexual abuse at the hands of my spouse and myself...medical examination contradicts the allegations."

[3] To the extent the state court record notes a reason for the recusal, the reason states "due to Commissioner Marie Bookman [one of the appointed magistrate commissioners for the criminal district court] may be a witness in case."

continued.[4]

Rhodes seeks federal habeas corpus relief, asserting that his continued pre-trial incarceration is unconstitutional because of (1) judicial misconduct; (2) his inability to receive a fair trial; (3) his inability to post bond; and (4) prosecutorial misconduct. Rhodes requests: (1) that the Attorney General's Office be appointed to properly prosecute the matter and that the District Attorney's Office recuse itself from prosecuting his case; (2) a speedy trial; (3) a federal injunction preventing any attempts by Marie Bookman to adopt Rhodes' son; (4) a court-ordered psychological evaluation of Marie Bookman; and (5) a "federal injunction to be ordered preventing such actions from continuing."

I.

To be eligible for habeas relief, a petitioner must exhaust his available state court remedies. See Dickerson v. Louisiana, 816 F.2d 220, 224-25 (5th Cir. 1987)(noting that "[d]espite the absence of an [express] exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that...federal courts should abstain from the exercise of...jurisdiction [over pre-trial habeas corpus petitions] if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures

---

[4] Most recently, the petitioner's July 11 trial date has been continued and a hearing date set for July 14 to resolve additional pre-trial issues.

available to the petitioner"). "The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds," the Fifth Circuit has observed, "in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Id. at 225 (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91 (1973)).

To satisfy the exhaustion requirement, the habeas petitioner must present his claim to the state's highest court. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)(citations omitted). Because a habeas petitioner must provide the state high court with a "fair opportunity" to pass on the claim, "that means that the habeas corpus applicant must 'present his claims before the [state] courts in a procedurally proper manner according to the rules of the state courts.'" Id. (citations omitted).

The respondents contend that Rhodes's habeas petition is premature because he has failed to exhaust his state court remedies.[5] Rhodes maintains that he has exhausted his state court remedies. In response to this Court's May 23, 2011 order requiring

---

[5] The respondents point out that Rhodes presented various issues to the state appellate court in two different filings: the writ application under docket number 2010-K-0936 was denied and Rhodes failed to present the issue to the state supreme court; the writ application under docket number 2010-K-1183 was granted for the sole purpose of transferring to the district court for a hearing.

submission of the remainder of the state court record and supplemental papers addressing the impact of subsequent proceedings on the pending habeas petition, the respondents maintain that Rhodes' habeas petition remains unexhausted. The Court agrees. The record demonstrates that Rhodes has failed to exhaust the review process available to him in state court before seeking relief from this Court.[6]

Because the record confirms that Rhodes has not exhausted his state court remedies, his federal habeas petition is premature. Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED without prejudice.[7]

New Orleans, Louisiana, July 11, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[6] Rhodes' submission also supports the respondents' position that his habeas claims have not been exhausted. (Rhodes' submission includes three letters from the state high court, twice returning his papers as unfiled, including because he failed to initially raise his claims in the district court and once advising Rhodes that he may resubmit his writ application in accordance with the high court's rules so that it may be filed and given a docket number.)

[7] If, after exhausting his claim in state court, Rhodes is unsuccessful in obtaining the relief he seeks, he can re-file his application in this Court.